FILED
U.S. DISTRICT COURT
**IN THE UNITED STATES DISTRICT COURT** DISTRICT OF MARYLAND
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*                    2016 JAN -7  P 1: 03

CLERK'S OFFICE
AT GREENBELT

BY_____ DEPUTY

| | |
|---|---|
| **JOHNATHAN SMITH,** | * |
| **Plaintiff,** | * |
| **v.** | **Case No.: 15-2677-GJH** |
| | * |
| **DILLON'S BUS SERVICE, INC.,** *et al.,* | * |
| **Defendants.** | * |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

### MEMORANDUM OPINION

Plaintiff Johnathan Smith filed this action against his former employers Dillon's Bus

Service, Inc. ("Dillon's Bus") and Coach USA, Inc. ("Coach USA"), alleging failure to pay his

overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*,

the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. Article ("LE") § 3-401

*et seq.*, and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, LE § 3-

501 *et seq.* ECF No. 20. Defendant Dillon's Bus answered the Amended Complaint on

November 11, 2015. ECF No. 22. That same day, Defendant Coach USA filed a Motion to

Dismiss or, in the Alternative, Motion for Summary Judgment. ECF No. 23.

Smith now moves for approval of an unopposed settlement agreement and release. ECF

No. 25. Defendants join in the request for approval. ECF No. 26. The Court has reviewed the

Complaint, the Plaintiff's Unopposed Motion to Approve Settlement, and the Settlement

Agreement and Release. ECF Nos. 20 & 25. For the reasons explained below, the Court finds

that a bona fide dispute exists regarding liability under the FLSA, the settlement agreement is a

fair and reasonable compromise of the dispute, and the attorney's fees are reasonable. *See Lynn's*

*Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); *Leigh v. Bottling*

*Group, LLC*, No. DKC-10-0218, 2012 WL 460468, at \*4 (D. Md. Feb. 10, 2012); *Lopez v. NTI.*

*LLC*, 748 F. Supp. 2d 471, 478 (D. Md. 2010). Therefore, the Court will GRANT the motion and

instruct the Clerk to close this case.

## I. FACTUAL BACKGROUND

According to the Amended Complaint, Plaintiff worked as a dispatcher for Defendant

Dillon's Bus from January 2009 until December 2014. ECF No. 20 at ¶ 14. Dillon's Bus, a

subsidiary of Coach USA, operates commuter bus transportation services between Washington,

D.C. and Maryland. *Id.* at ¶ 7. Smith alleges that he consistently worked over forty hours per

week and was told to continue working through lunch breaks. *Id.* at ¶¶ 23–24. During the

relevant time period, Smith worked about 1,000 overtime hours. *Id.* at ¶ 31. On September 11,

2015, Smith commenced an action against Defendants, alleging that he was not paid overtime for

hours worked in excess of forty hours per week. *See* ECF No. 1.

## II. DISCUSSION

### A. FLSA Settlements

The FLSA does not permit settlement or compromise over alleged FLSA violations

except with (1) supervision by the Secretary of Labor or (2) a judicial finding that the settlement

reflects "a reasonable compromise of disputed issues" rather than "a mere waiver of statutory

rights brought about by an employer's overreaching." *Lynn's Food Stores, Inc.*, 679 F.2d at

1354; *see also Lopez*, 748 F. Supp. 2d at 478 (explaining that courts assess FLSA settlements for

reasonableness). These restrictions help carry out the purpose of the FLSA, which was enacted

"to protect workers from the poor wages and long hours that can result from significant

inequalities in bargaining power between employers and employees." *Duprey v. Scotts Co. LLC*,

No. PWG-13-3496, 2014 WL 2174751, at \*2 (D. Md. May 23, 2014). Before approving an

FLSA settlement, courts must evaluate whether the "settlement proposed by an employer and employees . . . is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc.*, 679 F.2d at 1355. To do so, courts examine whether there are FLSA issues actually in dispute, the fairness and reasonableness of the settlement, and the reasonableness of the attorney's fees. *Duprey*, 2014 WL 2174751 at \*2 (internal citations omitted). "These factors are most likely to be satisfied where there is an 'assurance of an adversarial context' and the employee is 'represented by an attorney who can protect [his] rights under the statute.'" *Id.* (citing *Lynn's Food Stores, Inc.*, 679 F.2d at 1354).

### B. Bona Fide Dispute

In determining whether a bona fide dispute over FLSA liability exists, the Court reviews the pleadings, any subsequent court filings, and the parties' recitals in the proposed settlement. *Lomascolo v. Parsons Brinkernoff, Inc.*, No. 1:08cv1310, 2009 WL 3094955, at \*10 (E.D. Va. Sept. 28, 2009). Here, the parties dispute whether Plaintiff would be entitled to recover overtime pay because Defendants classified Plaintiff as an exempt employee under the FLSA. "[A]n employee employed in a bona fide executive, administrative, or professional capacity" may be exempt. 29 U.S.C. § 213(a)(1). An employee employed in a bona fide administrative capacity is one who is paid a salary that equals not less than \$455 per week, who primarily performs office work related to the management or general business operations of the employer, and who primarily has duties that include the exercise of discretion and independent judgment with respect to matters of significance. *See* 29 C.F.R. § 541.200.

Smith argues that he was employed as a dispatcher and performed duties that were non-exempt. ECF No. 25-2 at 3. Defendants assert that Smith's duties were exempt from overtime compensation because they qualified for the Administrative Employee Exemption and/or the

3

Motor Carrier Exemption of the FLSA. *Id.* Additionally, Plaintiff alleges that Defendant Coach

USA was Plaintiff's joint employer, which Coach USA denies. *Id.* The Court finds that these

issues raise a bona fide dispute between the parties.

### C. Fair & Reasonable

In determining whether a settlement of FLSA claims is fair and reasonable, the

Court may consider the following:

> (1) the extent of discovery that has taken place; (2) the stage of the
> proceedings, including the complexity, expense and likely duration
> of the litigation; (3) the absence of fraud or collusion in the
> settlement; (4) the experience of counsel who have represented the
> plaintiffs; (5) the opinions of class counsel and class members after
> receiving notice of the settlement whether expressed directly or
> through failure to object; and (6) the probability of plaintiffs'
> success on the merits and the amount of the settlement in relation
> to the potential recovery.

*Lomascolo*, 2009 WL 3094955 at *10. Here, the parties have not exchanged formal discovery,

but have informally exchanged all of Plaintiff's pay records that reflect his overtime hours

worked and additional information. ECF No. 25-2 at 4. Given the current stage of the litigation,

significant expenses would be incurred if the parties engaged in formal discovery, dispositive

motions, and possibly trial. *See, e.g., Saman v. LBDP*, No. DKC-12-1083, 2013 WL 2949047, at

*3 (D. Md. June 13, 2013). Additionally, there has been no evidence to suggest any fraud or

collusion in the settlement. *See* ECF No. 25-2 at 4.

The settlement agreement entitles Plaintiff to $13,050.00. ECF No. 25-1 at 2. This figure,

which entails $6,525.00 for back pay and $6,525.00 for liquidated damages, represents

approximately 80.5% of the back pay Smith would have recovered if successful at trial. ECF No.

25-2 at 5. Given the number of bona fide disputes in this case, the risk to both Plaintiff and

Defendants is high. As was the case in *Saman*, "[i]n light of the risks and costs associated with

4

proceeding further and Defendants' potentially viable defenses, this amount appears to reflect a reasonable compromise over issues actually in dispute." 2013 WL 2949047 at *5 (citation and internal quotation marks and brackets omitted); *cf. Duprey*, 2014 WL 2174751 at *4 ("Duprey was compensated for almost eighty percent of his back pay when calculated using the fluctuating workweek method . . . .").

Although the settlement agreement contains a release of claims beyond those in the Complaint, and a release can render an FLSA settlement agreement unreasonable, the Court is not required to evaluate the reasonableness of the settlement as it relates to non-wage-dispute claims if the employee is compensated reasonably for the release executed. *See Duprey*, 2014 WL 2174751 at *4. As explained above, the Court finds that $13,050.00 is reasonable for the release executed. *Cf. id.* ("This percentage fairly compensates Duprey for the general release executed.").

### D. Attorney's Fees

Traditionally, "[i]n calculating an award of attorney's fees, the Court must determine the lodestar amount, defined as a 'reasonable hourly rate multiplied by hours reasonably expended.'" *Lopez v. XTEL Const. Grp., LLC*, 838 F. Supp. 2d 346, 348 (D. Md. 2012) (citing *Grissom v. The Mills Corp.*, 549 F.3d 313, 320–21 (4th Cir. 2008) and *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990)). An hourly rate is reasonable if it is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 890 n.11 (1984). This Court has established rates that are presumptively reasonable for lodestar calculations. *See* Loc. R. App. B (D. Md. 2014).

Here, Plaintiff is represented by Alan Mitchell of the O'Neal Firm, LLP. ECF No. 25-2 at 6. Mitchell is a fifth year attorney and works under the guidance of Ardra O'Neal, who is the

Principal Attorney at the O'Neal firm and has been practicing employment law for over nineteen years. *Id.* Michael Maloney assisted as a paralegal. *Id.* Plaintiff's counsel spent approximately 86.5 hours on this case, resulting in $25,662.50 in legal fees. *Id.* Mr. Mitchell and Ms. O'Neal billed at the rate of $300.00 per hour and Mr. Maloney billed at the rate of $150.00 per hour. *Id.* Defendants have agreed to pay $11,950.00 in attorney's fees in addition to the $13,050.00 paid to Plaintiff. *Id.* at 7. Mr. Mitchell's and Ms. O'Neal's $300.00 hourly rate is consistent with this Court's rules and guidelines for determining attorney's fees, which notes guideline ranges of $165 to $300.00 per hour for attorneys with five to eight years of experience and $275 to $425 per hour for lawyers with fifteen to nineteen years of experience. *Id.* at 11 & Loc. R. App. B.3. Mr. Maloney's rate also falls within the guidelines, which range from $95 to $150. *Id.*

The O'Neal firm met with Mr. Smith and communicated with him by telephone numerous times, investigated potential claims in his case, performed detailed damages calculations, reviewed Mr. Smith's paycheck stubs, drafted all necessary pleadings and motions, and participated in continuous negotiations with Defendants. *See* ECF No. 25-2 at 6. The time expenditure of 86.5 hours is reasonable given the work completed. In light of the facts of this case and the disputes explained above, the Court finds the attorney's fees to be fair and reasonable under the lodestar approach.

### III. CONCLUSION

For the reasons stated above, the settlement is a reasonable compromise of disputed issues and the Unopposed Motion to Approve Settlement, ECF No. 25, is GRANTED. A separate Order shall issue.

Dated: January 7 , 2016

GEORGE J. HAZEL
United States District Judge